IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DARREN RAY STIBBENS, )
TDCJ #688466, )
    Plaintiff, )
)
v. ) Civil No. 7:12-CV-059-O-BL
)
OFFICER SNEDDON, *et al.*, )
    Defendants. )

REPORT AND RECOMMENDATION

This action was severed from a habeas petition previously filed by Plaintiff. *See Stibbens v. Thaler*, 7:12-CV-005-O (N.D. Tex.). The instant case involves Plaintiff's claims that a prison guard unlawfully retaliated against him and that he was denied the right to brush his teeth prior to a disciplinary hearing. Such claims are cognizable under the Civil Rights Act, 42 U.S.C. § 1983.

On January 14, 2013, the Court entered a notice of deficiency and order directing Plaintiff to either pay the $350.00 filing fee or submit a request to proceed *in forma pauperis* on the Court's application form. Additionally, Plaintiff was ordered to file an "Amended Complaint" using the Court's civil rights form as required under Miscellaneous Order No. 14 (N.D. Tex.). Plaintiff was ordered to cure the deficiencies within twenty days and he was admonished that failure to comply with the order could result in dismissal of the case without further notice. Review of the Clerk's docket sheet reveals that Plaintiff has failed to comply with the Court's order.

Rule 41(b), Federal Rules of Civil Procedure, allows the Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In the case at bar, Plaintiff has failed to comply with the Court's order. Absent compliance, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Although he has failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

The complaint reflects that the incident of which Plaintiff complains occurred on or about February 3, 2011. Therefore, any refiling will likely be barred by the two-year statute of limitations. For that reason, Plaintiff should be afforded an additional opportunity to pursue his retaliation claim.

For the foregoing reasons, it is recommended that, absent Plaintiff's action in curing deficiencies previously noted, this action be DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Should Plaintiff cure deficiencies as previously ordered within the fourteen-day objection period, it is recommended that the case be returned to the undersigned Magistrate Judge for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 5th day of February, 2013.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE